UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

Case No. C08-5622RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
NOVEMBER 28, 2008**

This habeas corpus petition has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates Judges' Rules MJR 3 and MJR 4. Petitioner is challenging a 1999 Lewis County conviction and sentence for one count of rape of a child in the second degree. He was sentenced to 107 months confinement with 36 months of community supervision (Dkt. # 3).

Petitioner was not in custody at the time he filed this petition. Further, this is at least the second habeas corpus petition Mr. Nash has filed regarding this conviction and sentence. See, Nash v Waddington, 4-CV-5785FDB. Nash v Waddington was dismissed as time barred.

The court concludes this is a second or successive petition and should be transferred to the Ninth Circuit.

REPORT AND RECOMMENDATION
Page - 1

## DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

(a) **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

This case must be transferred to the Ninth Circuit.

## CONCLUSION

Based on the foregoing discussion, the Court should transfer this matter as a second or successive petition and administratively close the file.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 28, 2008**, as noted in the caption.

DATED this 12 day of November, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge